IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,202-02






EX PARTE WESLEY TUTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-10-904003 IN THE 167TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and
indecency with a child and sentenced to twenty years' imprisonment on each count. He did not
appeal his convictions.

 Applicant contends that trial counsel rendered ineffective assistance because he advised
Applicant that he would be sentenced to 99 years if he did not waive his right to appeal. Applicant
also contends that trial counsel failed to establish the complainant's bias or motive with her previous
accusations of sexual assault. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant's claims. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether trial counsel advised Applicant
that he would be sentenced to 99 years if he did not waive his right to appeal. The trial court shall
then make findings as to whether the complainant had made false accusations of sexual assault in
the past and whether this evidence would have been admissible to establish the complainant's motive
or bias. See Hammer v. State, 296 S.W.3d 555, 565-66 (Tex. Crim. App. 2009). The trial court shall 
make conclusions of law as to whether trial counsel's performance was deficient and, if so, whether
Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 5, 2011

Do not publish